**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHUYING LIANG,<br><br>               Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No.   15-71224<br><br>Agency No. A099-903-949<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2018**
Pasadena, California

Before: GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Shuying Liang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") denial of asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We review for substantial evidence the

---

      * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      ** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Liang's testimony and the household registries, and Liang's inconsistent testimony as to whether she was under residential surveillance following her release from detention. *See id.* at 1048 (holding that the adverse credibility finding was reasonable under the totality of the circumstances). Liang's explanations for the inconsistencies do not compel a contrary result. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Contrary to Liang's contention, the agency was entitled to discount the abortion certificate she submitted because the document was issued sixteen years after her alleged forced abortion and was obtained through suspect means. *See Lin v. Gonzales*, 434 F.3d 1158, 1162 (9th Cir. 2006) (noting that the agency may discount the probative value of documents if the record "include[s] some evidence undermining their reliability, such that a reviewing court can objectively verify whether the IJ has a legitimate basis to distrust the documents" (citation and internal quotation marks omitted)).

In the absence of credible testimony, Liang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Liang's CAT claim also fails because it rests on the same evidence the agency found not credible, and Liang points to no other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by, or with the consent or acquiescence of, a public official in China. *See id*. at 1156-57.

**PETITION DENIED**.